# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ESSEX INSURANCE COMPANY,

    Plaintiff,

v.                                    CIVIL ACTION NO.
                                      1:10-cv-0511-WS-M

MICHAEL E. FOLEY, SUSAN M. FOLEY,
and WATER'S EDGE, LLC,
d/b/a GULF SHORES MARINA,

    Defendants.
_____/

## PLAINTIFF, ESSEX INSURANCE COMPANY'S REPLY TO MICHAEL & SUSAN FOLEY'S MOTION TO STRIKE AND RESPONSE TO ESSEX'S RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff, Essex Insurance Company, through undersigned counsel, hereby replies to Defendants, Michael and Susan Foley's Response to Essex's Renewed Motion for Summary Judgment and Motion to Strike Essex's Renewed Motion for Summary Judgment and states:

## Background

Essex filed the present Declaratory Judgment action seeking a judicial interpretation of its rights and responsibilities under a Policy of Insurance ("The Policy") it issued to Defendant Water's Edge, LLC as triggered by a civil action filed by Defendants Michael & Susan Foley against Water's Edge. Essex first filed a Motion for Summary Judgment that was denied on a factual dispute. Essex conducted additional discovery on the issues identified in the Court's opinion and then filed a Renewed Motion for Summary Judgment seeking a judicial determination of its duty to defend Water's Edge in the underlying lawsuit. Essex's insured, Water's Edge, did not file a response to Essex's Renewed Motion for Summary Judgment. Michael & Susan Foley are not insured's under that Policy and have no rights under that policy as the underlying litigation is not yet resolved. Nonetheless, Defendants Michael & Susan Foley filed a Response and Motion to Strike Essex's Renewed Motion for Summary Judgment. For the reasons outlined below, it is clear that the Foleys lack the standing to challenge Essex's argument on the duty to defend its insured. Further, to the extent the Foleys are found to have standing, their argument does not create an issue of fact that would preclude summary judgment in Essex's favor.

### I.  The Foleys lack standing to serve a response or otherwise object to Essex's Renewed Motion for Summary Judgment.

Essex's Renewed Motion for Summary Judgment sought only a determination of Essex's duty to defend its insured, Water's Edge, LLC, in a tort action currently pending in the Circuit Court in and for Baldwin County, Alabama. (Doc. 58.)  Essex has not asked for a resolution of the duty to indemnify as the resolution of that issue is premature until a judgment has been rendered against the insured.[1]  Instead, Essex has only asked this Court for a determination of the duty to defend, which is limited to whether Essex is required to provide and pay for a defense of Water's Edge in the Foley lawsuit.

The resolution of this issue has no impact on the Foleys' ability to proceed with their case against Water's Edge or on any other right the Foleys' possess. Without the potential impingement of a right or interest in the outcome, the Foleys' lack of standing to dispute such an issue under the three part test used to determine standing: (1) an "injury in fact", (2) a "causal relationship between the injury and the challenged conduct"; and (3) "a likelihood that the injury will be redressed by a favorable decision."[2]  In *Cook,* the Middle District of Alabama analyzed the precise issue of an injured party's standing to argue an insurer's duty to defend its

---

[1] *Allstate Ins. Co. v. Employers Liability Assur. Corp.,* 445 F.2d 1278, 1281 (5th Cir. 1971); *Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.,* 387 F.Supp. 2d 1205, 1211-12 (S.D. Ala. 2005); *Allstate Indem. Co. v. Lewis,* 985 F.Supp. 1341, 1349 (M.D. Ala. 1997).
[2] *See Canal Ins. Co. v. Cook,* 564 F.Supp.2d 1322, 1325-26 (M.D. Ala. 2008)

-3-

insured, a factual background that is on all fours with the case *sub judice*.[3] The insurer filed a Federal declaratory judgment action seeking an interpretation of its duty to defend its insured and also included the injured plaintiff in the action. The only distinguishing fact between these cases is that in *Cook* the injured plaintiff moved for summary judgment on the duty to defend, whereas in this case the injured plaintiff is opposing summary judgment on the duty to defend. The Court found that the injured plaintiff lacked standing to challenge the insurer's duty to defend and stated:

> Here, Cook [the injured plaintiff] is not a party to the Canal Insurance policy. Cook has not demonstrated any benefit he will gain if Canal Insurance is required to defend Bear Creek and McGriff in the underlying suit; likewise, this court can discern no injury Cook will suffer if Canal Insurance is not required to defend those parties. In addition, Cook has not shown that there is any bar to Bear Creek's and McGriff's assertion of their own contractual rights. The fact that Cook is adverse to Bear Creek and McGriff in the underlying suit gives added pause at the prospect of Cook raising those parties' rights. As such, Cook does not have standing to argue that Canal Insurance owes Bear Creek and McGriff a duty to defend.[4]

This conclusion also comports with Alabama's prohibition of a direct action against insurers, finding injured plaintiffs lack standing and are forbidden from bringing a claim against an insurer until the resolution of the injured party's claim.[5]

---

[3] *Cook*, 564 F.Supp.2d 1322.
[4] *Id.*, at 1326-27.
[5] *See Knox v. Western World Ins. Co.*, 893 So. 2d 321 (Ala. 2004) (finding that injured party did not have standing to bring claim until final judgment is rendered against insured.); *Norton v. Belarus Machinery of USA, Inc.*, 2005

Together, the rulings are clear: an injured plaintiff has no standing to dispute the duty to defend or other coverage issues until the resolution of the underlying lawsuit.

The Foleys' Response to and Motion to Strike Essex's Renewed Motion for Summary Judgment is no different than Cook's argument and must meet the same result. The Foley's are not a party to the insurance contract between Essex and Water's Edge, they gain no benefit from requiring Essex to defend Water's Edge in the underlying suit, and their right to continue the personal injury claim against Water's Edge is not impacted. Additionally, the Foleys' adverse nature to Water's Edge in the underlying suit seriously questions their championing the rights of Water's Edge in the present action. Simply put, the requirements of the Policy are a dispute between the parties to that Policy: Essex and Water's Edge. Accordingly, the Foleys should not and can not argue the rights of Water's Edge in response to Essex's Renewed Motion for Summary Judgment.

## II. Water's Edge failure to obtain counsel and respond to Essex's Renewed Summary Judgment is an admission of the facts in Essex's Motion.

On July 22, 2011, counsel for Water's Edge, LLC, requested to withdraw from this action (Doc. 48.) and on July 25, 2011, that request was granted by this Court. (Doc. 49.) In the interim, Water's Edge has not retained new counsel and

---

WL 1501452 (M.D. Ala. June 23, 2005) (finding that although insurer can include tort plaintiff in declaratory judgment action, tort plaintiff does not have a claim against insurer before recovering judgment against insured.).

remains unrepresented.  Water's Edge failed to retain counsel or serve a response to Essex's Renewed Motion for Summary Judgment by September 19, 2011. (Doc. 59.)  Pursuant to Local Rule 7.2(b), the failure of a party to respond to a motion for summary judgment is an admission that no material factual dispute exists.[6]  When a party fails to respond to motions for summary judgment, the moving party's facts are deemed admitted and summary judgment is to be entered where the admitted facts support such a holding.[7]  Water's Edge failed to respond to Essex's Renewed Motion for Summary Judgment and the Foleys lack the standing to respond, therefore Essex's statement of material facts must be deemed admitted pursuant to S.D. Ala. Loc. R. 7.2(b).  Without a dispute of the facts outlined in Essex's Motion, Summary Judgment is appropriate on the issue of Essex's duty to defend its insured in the underlying lawsuit.

### III. Even if the Foleys may respond, their response does not raise an issue which would prevent the court from entering judgment in favor of Essex.

Even assuming that the Foleys' can establish standing to pursue their objections, it is clear that their arguments are unsubstantiated and without merit. The Foleys' argument in their Motion to Strike and also included in their Response to Essex's Renewed Summary Judgment is that because this Court previously

---

[6] S.D. Ala. Loc. R. 7.2(b).

[7] *Vision Bank v. Anderson,* 2011 WL 1598198, *1 (S.D. Ala. April 28, 2011) (citing S.D. Ala. L.R. 7.2(b); *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1302-03 (11th Cir 2009); *Patton v. City of Hapeville, Ga.,* 162 Fed. Appx. 895, 896 (11th Cir. 2006); *Wachovia Bank, Nat'l Ass'n v. Johnson*, WL 1383315 (S.D. Ala. 2009).

found the Classification Limitation Endorsement ambiguous, there must be a duty to defend.  (Doc. 61 and Doc. 62.)  This conclusion is a patent misapplication of the standard for evaluating insurance contracts and this Court's prior ruling.  Instead, it is clear that the ambiguity identified by this Court applied to the Endorsement's language of what information is considered in determining whether Water's Edge was operating outside of its classification.  (Doc. 40.)  This Court resolved that ambiguity and held that Water's Edge would be conducting covered "marina operations" if "the area where the ramp was built is part of the marina complex, and if Water's Edge constructed the ramp as part of its overall marina maintenance and oversight activities." (Doc. 40, p. 13.)  In no way does that finding automatically foreclose Essex's ability to prevail on the issue.  Instead, it provides a guide as to how the Endorsement could apply, an application expressly outlined in Essex's Renewed Motion for Summary Judgment.

Secondly, this Court's construction and application of the Endorsement blatantly undercuts the Foleys' third argument that the Policy provided illusory coverage.  (Doc. 62.)  In that argument the Foleys fixate upon the Court's reference in footnote 10 of the Summary Judgment Order.  It is clear however that such an argument is moot as under the Court's construction of the Policy as the Court stated, "**In so resolving the ambiguity, the Court need not read the defendants' alternative argument** that constructing the Classification Endorsement as Essex

does would violate Alabama's prohibition on illusory coverage." *Id.* Additionally, Essex has never taken a position that would trigger illusory coverage, as outlined in the order, because the classifications listed on the Policy were expressly requested in the application.

Finally, the Foleys dedicate little attention to the overwhelming fact that clearly establishes that Water's Edge was not conducting covered "marina operations." In fact the majority of their argument contains no reference to any record evidence and accordingly is insufficient to establish a material issue of fact. Fed. R. Civ. P. 56(c)(1)(A). The only record evidence cited by the Foleys is an excerpt from the deposition of Fran Lapointe, Water's Edge's employee, regarding the maintenance of separate areas of the property. (Doc. 62-2.) That testimony is irrelevant to the issue of the ramp's construction as it is phrased as a hypothetical[8] and does not even address the matter at issue: whether the area where the ramp was built is part of the marina complex, and if Water's Edge constructed the ramp as part of its overall marina maintenance and oversight activities. In contrast, Essex has provided well-documented, competent, and uncontroverted evidence including testimony of the marina's manager and the terms of the lease agreement that the ramp was built in an area that was not part of the marina complex and was not constructed as part of Water's Edge overall marina maintenance and oversight

---

[8] The question posed to Mr. LaPointe was: "As a marina employee, **certainly you can be asked** to clean, help take down obstructions that exist in that parking lot, **couldn't you**?" Nowhere does the cited testimony definitively establish that Mr. LaPointe and *inter alia* the Marina were responsible for the ramp area and/or construction.

activities.  This was precisely the issue required by this Court for the ramp's construction to be considered a "marina operation."  As the Foleys have provided no evidence that would create a dispute as to any material fact regarding whether the construction of the ramp is considered a "marina operation" as defined by this court, Summary Judgment is due to be granted in Essex's favor.

WHEREFORE, Plaintiff, Essex Insurance Company, respectfully requests that this Court strike Michael and Susan Foley's Response and related Motion to Strike as they do not have standing to submit such a response, and grant Essex's Renewed Motion for Summary Judgment on Essex's duty to defend Water's Edge in the underlying tort action and for such further relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Benjamin J. Zimmern*
R. Scott Traweek, AL Bar No.:  TRA025
Benjamin J. Zimmern, AL Bar No.:  ZIM010
Galloway, Johnson, Tompkins, Burr & Smith, PLC
106 St. Francis Street, Suite 502
Mobile, Alabama 36602
(251) 438-7850 Telephone
(251) 438-7875 Facsimile
*Counsel for Essex Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was submitted electronically via the Court's CM/ECF system and served via CM/ECF to **Samuel P. McClurkin, I.V., Esquire** (mac@citrinlaw.com) and Water's Edge, LLC, c/o Billy Parks, 8971 Foxtail Loop, Pensacola, FL  32526-3235 via regular U.S. Mail delivery on this **30th** day of  **September, 2011**.

                /s/ *Benjamin J. Zimmern*
                Benjamin J. Zimmern, AL Bar No.:  ZIM010