IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ESSEX INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0511-WS-M |
| | ) |
| **MICHAEL E. FOLEY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court *sua sponte*.

Review of the court file reveals that defendant Water's Edge, LLC, has abandoned its defense of this action and has disregarded multiple court orders. Specifically, on July 25, 2011, Magistrate Judge Milling entered an Order (doc. 49) requiring Water's Edge to retain new counsel on or before August 8, 2011. Water's Edge neither complied nor responded in any way. On October 31, 2011, the undersigned entered an Order (doc. 64) stating, in part, as follows: "Water's Edge is **ordered** to **show cause**, on or before **November 10, 2011**, why default should not be entered against it as a sanction for its persistent failure / refusal to comply with court orders. If Water's Edge fails to respond in a timely manner, default will be entered against it immediately." (Doc. 64, at 14.)[1] To date, Water's Edge has neither responded to the October 31 Order, nor otherwise appeared, requested an enlargement of time, or shown any inclination to abide by judicial directives in this case.

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service,*

---

[1] The Clerk of Court mailed a copy of the October 31 Order to Water's Edge at the address furnished by its former counsel prior to its July 2011 withdrawal. There is no reason to believe that this transmission was not successful, as that mailing has not been returned as undeliverable by the United States Postal Service. By all appearances, then, Water's Edge is deliberately, intentionally disregarding court orders, and has done so for nearly five months.

*Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009).  Both the July 25 and October 31 Orders were eminently reasonable and well-grounded in law, yet Water's Edge simply ignored them, despite having been warned in the clearest of terms of the dire consequences of doing so.  Such dilatory and contumacious conduct warrants the imposition of sanctions.  "A court may impose sanctions for litigation misconduct under its inherent power."  *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009); *see also Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions.").  Moreover, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party."  *Atlantic Recording Corp. v. Ellison*, 506 F. Supp.2d 1022, 1025-26 (S.D. Ala. 2007) (citation omitted);  *see also Disney Enterprises, Inc. v. Delane*, 446 F. Supp.2d 402, 405 (D. Md. 2006) (similar).

   Of course, the sanction of entry of default is not to be invoked lightly.  Rather, it may be imposed "only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders."  *Eagle Hosp.*, 561 F.3d at 1306; *see also In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1306 (11th Cir. 2006) ("The severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders.") (citation and internal quotation marks omitted).  After careful consideration, the Court finds that this sanction is warranted here.

   "The key to unlocking a court's inherent power is a finding of bad faith."  *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (citation omitted).  But a party may demonstrate such bad faith "by delaying or disrupting the litigation or hampering enforcement of a court order," which is precisely what Water's Edge has done here.  *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008) (citation omitted).  Furthermore, it is well established that "[a] court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics," such as where "the adversary process has been halted because of an essentially unresponsive party."  *Carpenters Labor-Management Pension Fund v. Freeman-Carder LLC*, 498 F. Supp.2d 237, 240 (D.D.C. 2007) ("citations omitted); *see also Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 590-91 (S.D. Ala. 2007) ("a district court has the authority to enter default judgment for failure … to comply with its orders or rules of procedure") (citation

omitted).  Again, this description is an apt summary of Water's Edge's course of conduct, such that the sanction of entry of default is both available and appropriate here.

In short, it is the finding of this Court that Water's Edge's bad faith and contumacious conduct, as described above, warrants entry of default against it and that lesser sanctions would be inadequate.  Accordingly, the Clerk of Court is **directed** to enter a **default** against Water's Edge, LLC, on all claims asserted by plaintiff herein.

In light of the pendency of plaintiff's claims against the remaining defendants, which claims involve the same insurance coverage issues joined against the defaulted defendant, no default judgment will be entered against Water's Edge until those remaining claims have been resolved.  *See generally Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits").  At that time, the Court will entertain a properly filed motion for default judgment by Essex, which motion must specify with particularity the form of default judgment sought.

The Clerk of Court is **directed** to mail a copy of this Order to Water's Edge, LLC, c/o Billy Parks, 8971 Foxtail Loop, Pensacola, FL  32526-3235.  **Water's Edge is cautioned that, in light of its defaulted status, it is not entitled to, and will not receive, any further notice of these proceedings, absent prompt affirmative steps on its part to set aside the default pursuant to Rule 55(b), Fed.R.Civ.P.**

DONE and ORDERED this 16th day of November, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE